Filed 2/18/26  P. v. Cervantes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C102843 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFECOD20220010085) |
| v. | |
| ISAAC ALONSO CERVANTES, | |
| Defendant and Appellant. | |

Defendant Isaac Alonso Cervantes was found with numerous items of Lululemon merchandise and pled no contest to receiving stolen property.  The trial court ordered defendant to pay $31,104 in restitution based on the items' manufacturer's suggested retail price (MSRP).  Defendant now argues the court should have ordered restitution based on the wholesale price of the items.  The People agree but contend this claim is forfeited.  We exercise our discretion to reach the merits and remand for a new restitution hearing.

1

BACKGROUND

On three separate visits in January, February, and April 2022, an investigator went to the Laney Flea Market and scanned 277 different Lululemon clothing items offered for sale by defendant and his wife Maria Vargas-Cervantes[1] at their booth. During a search of defendants' home in April 2022, law enforcement found 82 more items of Lululemon merchandise. Investigators ultimately determined all of the items had been stolen. While the items that were recovered were returned to Lululemon, Lululemon deemed them unsellable as stolen goods. The items were ultimately donated, and Lululemon did not take a tax deduction for stolen merchandise or submit an insurance claim. The total MSRP of the merchandise found at the Laney Flea Market and defendants' home was $36,690.

Defendants were charged with multiple counts of receipt of stolen goods and grand theft of property from multiple retailers, including Lululemon. In 2023, defendants both pled no contest to two counts of receipt of stolen property (Pen. Code § 496, subd. (a)) pursuant to a plea agreement. As part of their pleas, defendants agreed to pay restitution and agreed to a factual basis that they had knowingly possessed $8,956 worth of stolen Lululemon merchandise at their home. The court sentenced both defendant and Vargas-Cervantes to two years of probation, including 120 days in jail.

The court held a restitution hearing over three days in 2024. The People requested $36,690 in restitution for Lululemon, specifically for 59 items with tags recovered during the warrant search with a total value of $6,612; 20 women's leggings without tags returned with warrant, total value of $1,960; three men's pants without tags returned with warrant, total value of $384; 177 items being sold at the Laney Flea Market on January 23, 2022, total value of $17,346; 49 items being sold at the Laney Flea Market on

---

[1] For convenience, we refer collectively to Isaac Alonso Cervantes and Maria Vargas-Cervantes as "defendants," though Vargas-Cervantes did not join in this appeal.

February 6, 2022, total value of $4,802; and 51 items being sold at the Laney Flea Market on April 10, 2022, total value of $5,586.

Defendants argued that the value of items found outside San Joaquin County and items not found on April 14, 2022 (the date alleged in the complaint) should be excluded from the restitution amount. They also argued that the court should not award the full MSRP value of the items recovered at the defendants' home because those items were given back to Lululemon and they still had value, as shown by the Lululemon website offering "like new" items for 50 to 60 percent of the MSRP. Counsel for Vargas-Cervantes explained: "I don't have a problem with the Court going on the website and looking at it yourself, Your Honor, but they list the MSRP and [the] discounted prices. Whatever the diminished value, I think that's the appropriate amount the court should set." Defendants requested that the court reduce the total value by at least 60 percent.

In response, the People argued that Lululemon was entitled to the full restitution amount because Lululemon should not be required to resell stolen merchandise to reduce the restitution amount, which would reward defendants for their theft. The People also argued that Lululemon was entitled to recover the costs of its investigation, but it had not sought to recover such costs.

The court rejected defendants' request to calculate restitution based on diminution in value: "With respect to the diminished value, [t]he [c]ourt cannot calculate diminished value and therefore cannot order it because the witness testified . . . that although the stolen items were recovered, they were immediately either destroyed or given away and no value was recovered for them either through tax credits or reduced sale or anything of the like; therefore, [t]he [c]ourt has no evidence of any value to attach as far as diminished value or offset, therefore, will not make that order."

The court determined that it could award restitution for items found outside San Joaquin County but not the $5,586 for items discovered at the Laney Flea Market in April

3

2022 because those losses were not alleged in the complaint. After subtracting that amount, the court ordered defendants to pay $31,104 in restitution.

Defendant Isaac Alonso Cervantes timely appeals.

DISCUSSION

Defendant argues that the trial court erred in using the manufacturer's suggested retail price to calculate the restitution amount instead of the wholesale value. Defendant further argues that this issue was not forfeited, even though he did not raise this theory below, because to do so would have been futile and this is a pure issue of law. Defendant further argues that assuming the issue is forfeited, his trial counsel rendered ineffective assistance of counsel by failing to raise this argument.

The People argue defendant forfeited the issue when he argued in the trial court that the restitution amount should have been calculated using a diminished value, without arguing the calculation be made using the wholesale value of the merchandise. But the People concede that if the issue was not forfeited, the case should be remanded for a new hearing to establish the wholesale value of the merchandise.

Even assuming defendant did not properly object to the trial court's calculation of restitution, reviewing courts may address issues on appeal that present pure questions of law. (See, e.g., *In re Sheena K.* (2007) 40 Cal.4th 875, 889.) Because the proper measure of restitution presents a pure question of law, and in light of defendant's claim of ineffective assistance of counsel, we exercise our discretion to reach the merits. (See *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 [an appellate court has authority to reach a forfeited claim].)

We review a restitution order for abuse of discretion. " 'A victim's restitution right is to be broadly and liberally construed.' [Citation.] ' "When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court." ' " (*In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1132.)

4

In support of his argument that the trial court should have calculated restitution based on the wholesale value, defendant relies on *People v. Chappelone* (2010) 183 Cal.App.4th 1159. There, the appellate court reasoned that a restitution order "is not intended to provide the victim with a windfall"; rather, it is intended to compensate for the victim's "actual loss." (*Id*. at p. 1172.) The court held that a restitution award to a Target store based on the retail, rather than the wholesale, price of stolen merchandise was improper because the award exceeded the cost to replace the property and provided the store with a windfall. (*Id*. at pp. 1178-1179.) The court concluded that because prosecutor presented no evidence that Target lost any profit due to the defendants' theft, the court's restitution order based on the retail price of the merchandise was improper. (*Id*. at pp. 1178-1180.)

Here, there is no evidence in the record of any profits Lululemon lost due to defendant's crimes. As the People concede, giving Lululemon restitution based on the retail value of the merchandise rather than the wholesale cost would provide a windfall, because such award would exceed the cost to replace those items. (See *Chappelone*, *supra*, 183 Cal.App.4th at p. 1178-1180.) We will vacate the restitution order and remand for a new restitution hearing.

DISPOSITION

The order requiring defendant to pay restitution of $31,104 is vacated and the matter is remanded to the trial court for a new restitution hearing consistent with this opinion.

/s/
MESIWALA, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
RENNER, J.